UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>        Plaintiff, )<br>                      )<br>       v.                )<br>                      )<br>TONY DANIELS,          )<br>    a/k/a "SONNY",    )<br>        Defendant.  ) | Criminal No. 05-10003-NMG |

**PRELIMINARY ORDER OF FORFEITURE**

**GORTON, D.J.,**

WHEREAS, on or about April 7, 2005, a federal grand jury sitting in the District of Massachusetts returned a Superseding Indictment charging Defendant Tony Daniels, a/k/a Sonny ("Daniels"), and others with, inter alia, Racketeering Conspiracy, in violation of 18 U.S.C. § 1962 (Counts One and Two); Operating an Illegal Gambling Business, in violation of 18 U.S.C. § 1955 (Count Three); Illegal Use of a Wire Communication Facility, in violation of 18 U.S.C. § 1084 (Counts Six and Seven); and Money Laundering, in violation of 18 U.S.C. § 1956 (Counts 235 through 238);

AND WHEREAS, the Superseding Indictment sought the forfeiture of certain property in which Daniels holds an interest, pursuant to 18 U.S.C. § 1963, 18 U.S.C. § 981, 28 U.S.C. § 2461, 18 U.S.C. § 1955, and 18 U.S.C. § 982;

AND WHEREAS, specifically, the Superseding Indictment sought the forfeiture, as a result of committing one or more of the offenses alleged, of, (a) all interests the defendants have

acquired and maintained, in violation of 18 U.S.C. § 1962, wherever located, and in whatever names held; (b) all interests in, securities of, claims against, and properties and contractual rights of any kind affording a source of influence over, any enterprise which the defendants have established, operated, controlled, conducted, and participated in the conduct of, in violation of 18 U.S.C. § 1962; and, (c) all property constituting, and derived from, any proceeds which the defendants obtained, directly and indirectly, from racketeering activity and unlawful debt collection, in violation of 18 U.S.C § 1962;

AND WHEREAS, the Superseding Indictment also sought the forfeiture, pursuant to 18 U.S.C. §§ 981(a)(1)(c) and 1955(d), and 28 U.S.C. § 2461(c), of any property, real or personal, which constitutes, or is derived from, proceeds traceable to each of the offenses charged in the Superseding Indictment in violation of 18 U.S.C. § 1955, and any property, including money, used in violation of the provisions of 18 U.S.C. § 1955;

AND WHEREAS, the Superseding Indictment further sought the forfeiture, pursuant to 18 U.S.C. § 982(a)(1), of any property, real or personal, involved in each offense charged in the Superseding Indictment in violation of 18 U.S.C. § 1956, for which the defendant is convicted, and all property traceable to such property;

2

AND WHEREAS, the Superceding Indictment further provided that, if the forfeitable property, as a result of any act or omission by the defendants, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of all other property of the defendants, up to the value of the forfeitable property, pursuant to 18 U.S.C. § 1963(m), and pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. §§ 982(b)(1) and 1955(d), and 28 U.S.C. § 2461(c);

AND WHEREAS, on December 16, 2005, Daniels pled guilty to Counts One, Two, Three, Six, Seven, and Two Hundred Thirty-Five through Two Hundred Thirty-Eight of the Superseding Indictment, pursuant to a written plea agreement he signed on December 16, 2005, and in Section Ten of the plea agreement, Daniels agreed to forfeit $92,629.00 to the United States;

AND WHEREAS, Daniels admitted that he laundered $92,629.00 in proceeds of illegal gambling and racketeering activity for the Gianelli Group, as charged in the Superseding Indictment;

AND WHEREAS, Daniels admitted that $92,629.00 is forfeitable to the United States, pursuant to 18 U.S.C. § 1963(a)(2), as

property constituting, and derived from, proceeds obtained, directly and indirectly, from racketeering activity in violation of 18 U.S.C. § 1962; pursuant to 18 U.S.C. §§ 981(a)(1)(c) and 1955(d), and 28 U.S.C. § 2461(c), as proceeds traceable to offenses in violation of 18 U.S.C. 1955; and pursuant to 18 U.S.C. § 982(a)(1), as property involved in money laundering and property traceable to such property;

AND WHEREAS, Daniels admitted in the plea agreement that, because of his acts and omissions, the money he laundered cannot now be located, has been transferred to, or sold to, or deposited with a third party, and has been placed beyond the jurisdiction of this Court;

AND WHEREAS, Daniels admitted that the United States is entitled to collect substitute assets from him in the amount of $92,629.00, and consented to the forfeiture of all of his interests in $92,629.00 (the "Currency"), of the proceeds of Eastern Bank Treasurer's Check number 00691882, in the amount of $204,594.62, representing all funds formerly on deposit in Eastern Bank account number 00200402089, which was seized by the Massachusetts State Police on March 9, 2004;

AND WHEREAS, Daniels confirmed to the United States that he was the signatory on, and sole owner of, Eastern Bank account number 00200402089, which was held in the name of "New England

4

Golf Ventures," and that he is the sole owner of the $204,594.62 seized from that account;

AND WHEREAS, as part of the plea agreement, the United States agreed not to seek the forfeiture of Daniels' interests in $111,965.62, which represents the balance of the proceeds of Eastern Bank Treasurer's Check number 00691882, described above, that will remain after the forfeiture of the Currency;

AND WHEREAS, upon the District Court's entry of a Final Order of Forfeiture, forfeiting the agreed upon Currency to the United States, the United States will request that the Court direct the United States Department of the Treasury to pay the amount of $111,965.62 to Daniels, in the form of a check to be issued to Daniels' attorney;

AND WHEREAS, as a result of Daniels' guilty plea, and the Forfeiture Allegations of the Superseding Indictment, the United States is now entitled to a Preliminary Order of Forfeiture against the Currency.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1.  The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based upon the facts set forth by the government in support of Daniels' guilty plea and the admissions contained in the plea agreement, that the government has established the requisite nexus between the

Currency and the offenses to which Daniels pled guilty. Accordingly, all of Daniels' interests in the Currency are hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. § 1963, and pursuant to 21 U.S.C. § 853, as incorporated by 18 U.S.C. §§ 982(b)(1) and 1955(d), and 28 U.S.C. § 2461(c).

2.   The Internal Revenue Service is authorized to seize the Currency and hold it in its secure custody and control.

3.   Pursuant to 18 U.S.C. § 1963, and 21 U.S.C. § 853, as incorporated by 18 U.S.C. §§ 982 and 1955(d), and 28 U.S.C. § 2461(c), the Internal Revenue Service shall take any other appropriate steps, to seize, forfeit, and dispose of Currency, giving notice as required by law.

4.   Pursuant to 18 U.S.C. § 1963(l), and 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. §§ 982 and 1955(d), and 28 U.S.C. § 2461(c), the Internal Revenue Service shall publish at least once for three successive weeks in the <u>Boston Herald</u>, or any other newspaper of general circulation in the District in which the Currency is located, notice of this Order and of the intent of the United States to dispose of the Currency in such manner as the Attorney General may direct.

5.   Pursuant to 18 U.S.C. § 1963(l), and 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. §§ 982 and 1955(d), and 28 U.S.C. § 2461(c), the Internal Revenue Service shall give, to

the extent practicable, direct written notice to any person known to have alleged an interest in the Currency.

6. Pursuant to 18 U.S.C. § 1963(l), and 21 U.S.C. § 853(n)(2) and (3), as incorporated by 18 U.S.C. §§ 982 and 1955(d), and 28 U.S.C. § 2461(c), the notice referred to in paragraphs 4 and 5, above, shall state: (a) that any person, other than Daniels, asserting a legal interest in the Currency shall, within thirty (30) days of the final publication of notice or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court for the District of Massachusetts and serve same upon the United States Attorney's Office, Asset Forfeiture Unit, 1 Courthouse Way, Suite 9200, Boston, Massachusetts 02210, requesting a hearing to adjudicate the validity of his or her interest in the Currency; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Currency, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Currency, any additional facts supporting the petitioner's claim, and the relief sought.

7. Pursuant to 18 U.S.C. § 1963(l), and 21 U.S.C. § 853(n)(6) and (7), as incorporated by 18 U.S.C. §§ 982 and 1955(d), and 28 U.S.C. § 2461(c), following the Court's

disposition of all petitions filed under this subsection, or, if no such petitions are filed following the expiration of the period provided in 18 U.S.C. § 1963(l), and 21 U.S.C. § 853(n)(2), as incorporated by 18 U.S.C. §§ 982 and 1955(d), and 28 U.S.C. § 2461(c), for the filing of such petitions, the United States of America shall have clear title to the Currency.

8.   Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture pursuant to 18 U.S.C. § 1963, and 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. §§ 982 and 1955(d), and 28 U.S.C. § 2461(c), in which all interests will be addressed.

Dated: 4/19/06

*/s/ Nathaniel M. Gorton*
NATHANIEL M. GORTON
United States District Judge